UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/17/2024

----------x

In re: NEW YORK CITY POLICING DURING
SUMMER 2020 DEMONSTRATIONS

20 Civ. 8924 (CM)(GWG)

----------x

This Filing Relates to

----------x

SAMIRA SIERRA, et al.,

  Plaintiffs,

-against-

20 Civ. 10291 (CM)(GWG)

CITY OF NEW YORK, et al.,

  Defendants

----------x

WOOD, et al.,

  Plaintiffs,

-against-

20 Civ. 10541(CM)(GWG)

DI BLASIO, et al.,

  Defendants.

----------x

ORDER ALLOWING NICHOLAS RYAN ENTWISTLE TO
PARTICIPATE IN THE SETTLEMENT OF THESE ACTIONS

McMahon, J.:

  The two class actions above are known in the context of the various Black Lives Matter 2020 protest litigations as the "Mott Haven Demonstration" cases. The court signed off on the settlement of these two cases last March.

Copies mailed/faxed/handed to counsel on 1/17/2024

The court has now received a request dated January 2, 2024, from one Nicholas Entwistle, acting pro se. Mr. Entwistle is a member of the plaintiff class in the Mott Haven Demonstration matters. Mr. Entwistle, through his then-attorney, Wylie Stecklow, Esq., filed a notice of claim against the City on June 4, 2020, after being arrested and issued a desk appearance ticket in connection with his participation in the Mott Haven Demonstrations. He sat for an examination under N.Y. Gen. Mun. L. 50-h on January 6, 2022. However, no claim form was filed by him or on his behalf by the bar date (originally set at August 30, 2023, then extended without opposition to September 30, 2023).

It appears that Mr. Entwistle found out about the settlement before the bar date. However, he contends that he never received any claim package from the Claims Administrator. The City notes that a claims package was to "Ryan Entwistle Nicholas" (as opposed to Nicholas Ryan Entwistle) at an address on Meador Avenue in Atlanta, Georgia – the name and address on the summons that was issued to Mr. Entwistle on June 4, 2020, the date of his arrest. The name was incorrect because, according to Mr. Entwistle, the police made a mistake on the date of the arrest and switched his names (his actual name is Nicholas Ryan Entwistle). The address on the claim package was incorrect because Mr. Entwistle had moved while this lawsuit was pending. Whether he ever communicated the change of address to his attorney is not known to the court.

The City insists that the claim package must have been forwarded to Mr. Entwistle because it was not returned to sender. Frankly, I am not prepared to assume that a package addressed to the wrong name at an outdated address was properly forwarded simply because it was not returned to sender – enough accurately addressed mail is never received for me to be comfortable making that assumption.

Although he did not receive a claims package, Mr. Entwistle admits that he was made aware of the settlement. Per his filings, his lawyer (at the time, Mr. Stecklow) told him about it. Mr. Entwistle believed/understood that Mr. Stecklow would reach out to him when it was time for him to file a claim; and when he heard nothing he thought nothing of it, given the slow pace of litigation. Of course, that is now how class action settlements administered by Claims Administrators work – the Claims Administrator takes over and the lawyers more or less bow out -- but Mr. Stecklow has not put in any response to his (former?) client's application to this court, so I take Mr. Entwistle, a layman, at his word that he misunderstood how the process would work.

Mr. Entwistle believes that Mr. Stecklow ceased to be his attorney after the settlement was reached, and indeed, Mr. Stecklow's name no longer appears on the Docket Sheet for these cases. However, it was Mr. Stecklow who emailed the Corporation Counsel on October 31, 2023, to see if Mr. Entwistle could be included in the settlement notwithstanding passage of the bar date. It seems that Mr. Entwistle contacted Mr. Stecklow in October 2023, to ask what was happening with the settlement. During that call, he learned both that he had new lawyers (Alison Frick, Esq. and Robert Rickner, Esq., whose names do appear on the docket sheet) and that the time to file a claim had passed. Mr. Entwistle believes that, when Mr. Stecklow withdrew from the case, he passed on Mr. Entwistle's personal information to these new attorneys, neither of whom contacted Mr. Entwistle, as was his (erroneous) expectation. I have heard nothing from any of the lawyers responsible for representing the interests of Mr. Entwistle.

The City advised Stecklow and Class Counsel on or about November 24, 2023, that it would not consent to allowing Entwistle's late claim. None of the attorneys involved subsequently made any application to the court on Mr. Entwistle's behalf, so after waiting until the holidays were over, he did it himself.

I understand the City's hesitancy about agreeing to even this slight modification of the bar order. It fears opening the floodgates to late filers. Corporation Counsel is not wrong that the court was quite clear about not extending the bar date beyond September 30. And Mr. Entwistle did have advantages over some other class members in that he was represented by counsel from the earliest stages of this litigation (notice of claim period) – counsel who played a significant role in the prosecution and settlement of these cases.

I also note several factors in Mr. Entwistle's favor that make him the unicorn class member whose late claim ought to be allowed. He has been diligent in the pursuit of his claim, filing a notice of claim immediately, retaining counsel and being deposed. He appears to have been the victim of law office neglect, since his attorneys (whoever they were) took no steps to correct his name (he was arrested under the wrong name thanks to an NYPD error, and that erroneous name was given to the Claims Administrator) or to keep track of his address (here I truly cannot assign blame as I do not know if counsel were apprised of Mr. Entwistle's move). And while this application has just now come before the court, Mr. Entwistle, through Mr. Stecklow, apparently raised the matter with the City just days or weeks after the expiration of the bar period, in October 2023. I cannot say that the class member, who received no claim package and who did not understand that his lawyers would not be helping him file a claim, was less than diligent. Nor can I explain why it took the City a month or so to decide that it would not help Mr. Entwistle.

I do not believe that it would be opening the floodgates to allow this one applicant to participate in the settlement. Lest the City think this will be the first of many such applications, I assure it that the unique circumstances of this particular man's situation are unlikely to be repeated. Therefore, I grant Mr. Entwistle's application.

The Claims Administrator is directed to allow Mr. Entwistle to participate in the Mott Haven Settlement. Please note that the gentleman's correct name is Nicholas Ryan Entwistle and his correct current address is 1262 Avon Avenue SW, Atlanta GA 30315. Whatever papers need to be sent to him should be sent to him immediately.

Class counsel should make certain that the Claims Administrator is advised of this order, although I will send it to him separately.

Dated: January 17, 2023

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

BY EMAIL TO MAGISTRATE JUDGE GORENSTEIN AND THE CLAIMS ADMINISTRATOR

BY FIRST CLASS MAIL TO THE CLAIMS ADMINISTRATOR

BY FIRST CLASS MAIL TO NICHOLAS RYAN ENTWISTLE