**Davis Wright Tremaine LLP**

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Abigail Everdell**
212.603.6468 tel

abigaileverdell@dwt.com

May 7, 2025

**Via ECF**

Hon. Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, New York 10007

      Re:    *In re: New York City Policing During Summer 2020 Demonstrations*, No. 20 Civ. 8924 (CM) (SDNY)

Dear Judge McMahon:

      Pursuant to the Southern District of New York ("SDNY") Electronic Case Filing Rules & Instructions § 6, the SDNY procedures governing the filing of Sealed Records, the Mediation Confidentiality Agreement entered into between the parties, and Your Honor's Individual Rules and Practices, Plaintiffs in the Consolidated Protest Cases[1] hereby respectfully seek leave to file under seal a limited set of materials in connection with their concurrently-filed Motion for an Order Compelling the City of New York to Implement Paragraph 89(h) of the Stipulated Order (Dkts. 1099-2 and 1166-1, entered at Dkt. 1167) (the "Motion").  Specifically, Plaintiffs seek to file the following under seal (together, the "Confidential Materials"):

- Exhibits I and J to the Declaration of Abigail B. Everdell ("Everdell Decl.") filed in support of the Motion.

- An unredacted copy of Plaintiffs' Memorandum of Law in support of the Motion, which references and describes Exhibits I and J.

      The Confidential Materials constitute or reference the contents of documents and communications exchanged during the parties' settlement negotiations conducted pursuant to the SDNY's mediation program.  Pursuant to the Mediation Confidentiality Agreement and SDNY's mediation program, these materials are strictly confidential, and disclosure is prohibited absent a

---

[1] The Consolidated Protest Cases include *Payne, et al., v. de Blasio et al.*, No. 20-CV-8924; *Gray, et al. v. City of New York, et al.*, No. 21-CV-6610; *People of the State of New York v. City of New York, et al.*, No. 21-CV-322; and *Rolon, et al. v. City of New York*, No. 21-CV-2548.  Docket entries cited herein refer to *Payne, et al., v. de Blasio, et al.*, No. 20 Civ. 8924.

DWT.COM

Hon. Colleen McMahon
May 6, 2025
Page 2

court order or agreement of the parties.  *See* Mediation Program Procedures (8/7/2023) § 2(b).[2]  The Parties to this action have agreed to the disclosure of the Confidential Materials in the context of the Motion, provided they remain under seal (and without waiver of any argument as to their relevance).  *See* Everdell Decl. ¶ 3.  Plaintiffs thus seek a narrowly tailored order sealing only those confidential mediation materials and descriptions of the contents thereof.

There is good cause to seal the Confidential Materials.  As a general matter, documents filed in support of a motion "are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).  The Second Circuit has recognized, however, that there is no established presumption of public access with respect to confidential settlement discussions and documents. *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998) ("[T]he presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent[.]"); *see also Liu v. Nielsen Co. (US) LLC*, No. 22 CIV. 9084 (JHR), 2023 WL 3750116, at *2 (S.D.N.Y. June 1, 2023) ("'There is no established presumption of public access with respect to confidential settlement discussions and documents.'" (citation omitted)).  This principle recognizes that confidentiality is an "important feature" of mediation and necessary to "protect[] the integrity of alternative dispute resolution generally."  *In re Teligent, Inc.*, 640 F.3d 53, 57-58 (2d Cir. 2011).  Here, the Confidential Materials were exchanged and prepared for use in a confidential mediation.  Good cause exists to seal these documents and ensure the confidentiality of these communications.

For these reasons, we respectfully ask the Court to grant Plaintiffs leave to file the Confidential Materials under seal.


Sincerely,

Davis Wright Tremaine LLP

*/s/ Abigail B. Everdell*

Abigail Everdell


cc:     Counsel of Record (via ECF)

---

[2] A*vailable at* https://www.nysd.uscourts.gov/sites/default/files/2024-08/Mediation%20Program%20Procedures%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.pdf